IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-429-GCM
(3:03-cr-86-GCM-1)

| | | |
|---|---|---|
| ELIJAH DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate,

Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons

that follow, Petitioner's Section 2255 motion will be denied and dismissed.

## I. BACKGROUND

On July 25, 2005, Petitioner was convicted on one count of possession with intent to

distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A). Petitioner was

sentenced to 262-months' imprisonment and he noted a timely appeal to the United States Court

of Appeals for the Fourth Circuit.[1] On April 5, 2006, the Fourth Circuit entered an order

dismissing Petitioner's appeal. United States v. Davis, No. 05-4683 (4th Cir. Apr. 5, 2006)

(unpublished).

On July 16, 2012, Petitioner filed the present Section 2255 motion to vacate contending

that he no longer qualifies as a career offender, see USSG § 4B1.1, based on, among other

---

[1]The Government notified Petitioner of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851. In this notice the Government identified two previous drug convictions: the first was a 1991 conviction in North Carolina State court for possession with intent to sell/deliver cocaine; the second was conviction sustained in 1992 in this Court for conspiracy to possess with intent to distribute cocaine base. (3:03-cr-86, Doc. No. 3).

1

authority, the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

2

Petitioner's direct appeal was dismissed by the Fourth Circuit on April 6, 2006, and Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States. Petitioner's criminal judgment was therefore final in July 2006, or 90-days following the Fourth Circuit's dismissal of his appeal. See Clay v. United States, 537 U.S. 522, 525 (2003). Although the present motion follows nearly six years after Petitioner's judgment became final, Petitioner nevertheless contends that his motion is timely under Section 2255(f)(3) because (1) it was filed within one year from the date the Fourth Circuit filed its opinion in Simmons and (2) this decision is retroactive to cases on collateral review. In the alternate, Petitioner argues that his motion is timely under § 2255(f)(4).[2]

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines, in this case, whether Petitioner qualifies as a career offender under USSG § 4B1.1. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

---

[2] For the reasons discussed herein, the Court finds that Petitioner cannot meet the requirements for equitable tolling because he presents an argument which is in no way meritorious.

The decision in <u>Simmons</u> was driven by the Court's interpretation of the Supreme

Court's opinion in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), in which the Court held

that the sentencing court must examine the criminal record of the individual defendant before the

court and not a hypothetical one in determining a sentence. In a decision filed after Petitioner

filed the present Section 2255 motion, the Fourth Circuit examined the impact of the decision in

<u>Carachuri</u> and concluded that its holding was not retroactive to cases on collateral review. <u>See</u>

<u>United States v. Powell</u>, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's

decision in <u>Carachuri</u> at most altered the procedural requirements that must be followed in

applying recidivist enhancements and did not alter the range of conduct or the class of persons

subject to criminal punishment, we hold that <u>Carachuri</u> is a procedural rule. It is, therefore, not

retroactively applicable to cases on collateral review."); <u>see also</u> <u>United States v. Wheeler</u>, No.

11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that

"Wheeler's claim for retroactive application of [<u>Carachuri</u> and our opinion in <u>Simmons</u>] fails in

light our recent opinion in [<u>Powell</u>]."); <u>United States v. Walker</u>, 2012 WL 5359506, at *1 (4th

Cir. filed Nov. 1, 2012) (unpublished) (declining to examine Petitioner's argument regarding his

status as a career offender and holding that "<u>Carachuri</u> claims may not be raised retroactively in

collateral proceedings.").

Aside from the case law discussed above, Petitioner's argument must fail for an

additional reason. In order to qualify as a career offender, (1) a defendant must have been at least

18-years-old at the time he was convicted of the instant offense which is identified in his

amended judgment; (2) the instant offense must have been a felony that was either a crime of

violence or a controlled substance offense; and finally, (3) that the defendant had at least two

prior felony convictions for either a crime of violence or a controlled substance offense. See USSG § 4B1.1 (2003) (Guidelines Manual in effect at the time of Petitioner's sentencing).

In Petitioner's presentence report ("PSR") the probation officer identified two predicate convictions in support of finding Petitioner qualified as a career offender. The first was a North Carolina conviction for possession with intent to sell/deliver cocaine, sustained in 1991, and for which Petitioner was sentenced to a suspended term of 6-years' imprisonment. This suspended term of imprisonment was later activated following the revocation of Petitioner's probation. (3:03-cr-86, Doc. 43: PSR ¶ 36). The second was a federal conviction for conspiracy to possess with intent to distribute cocaine base, sustained in 1992, and for which Petitioner was sentenced to an active term of 110-months' imprisonment. (Id. ¶ 38). Thus, Petitioner actually sustained convictions for qualifying controlled substance offenses for which he received sentences far in excess of one year, and Petitioner does not otherwise argue that the remaining elements of § 4B1.1 are in doubt.

For the foregoing reasons, Petitioner's Section 2255 motion will be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

5

5

Case 3:12-cv-00429-GCM   Document 5   Filed 04/18/13   Page 5 of 6

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 18, 2013

Graham C. Mullen
United States District Judge